[957 NYS2d 515]

In the Matter of Doreen St. Thomas, an Attorney, Respondent. Grievance Committee of the Fifth Judicial District, Petitioner.

Fourth Department, December 21, 2012

### APPEARANCES OF COUNSEL
*Mary E. Gasparini, Associate Counsel, Fifth Judicial District Grievance Committee*, Syracuse, for petitioner.
*Norman P. Deep*, Rome, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 6, 2004, and maintains an office in Clark Mills. The Grievance Committee filed a petition charging respondent with acts of misconduct, including making misrepresentations to opposing counsel in a judgment enforcement matter and failing to cooperate with the investigation of the Grievance Committee. Respondent filed an answer denying material allegations of the petition, and a Referee was appointed to conduct a hearing. Prior to the hearing, the parties filed amended pleadings resolving all outstanding issues of fact. The Referee thereafter filed a report sustaining the charges based upon the amended pleadings and various evidentiary documents. The Grievance Committee moves to confirm the findings of the Referee and, in response to the motion, respondent submitted materials in mitigation of the charges. The parties appeared before this Court on the return date of the Grievance Committee's motion, and respondent was heard in mitigation at that time.

Respondent admits that, in 2005, she was retained to draft a last will and testament on behalf of a client and, consistent with the wishes of her client, the will named respondent as trustee of a testamentary trust that was to be established upon the client's death. The client died shortly thereafter and, in addition to her duties as trustee of the testamentary trust, respondent was retained to represent the executor of the estate.

The Referee found that, in August 2005, before she had been granted legal authority to do so by Surrogate's Court, respondent disbursed estate funds to the beneficiary of the testamentary trust. The Referee additionally found that, in February 2006, respondent hired a company that she owned to make

repairs to certain real property owned by the testamentary trust without disclosing her ownership interest to the executor of the estate or the beneficiary of the trust.

With respect to respondent's alleged misconduct in relation to the judgment enforcement matter, the Referee found that, in July 2008, after the testamentary trust had been formally established, respondent was contacted by an attorney on behalf of a client who had previously obtained a civil judgment against the named beneficiary of the testamentary trust. Shortly thereafter, the attorney served respondent in her capacity as trustee with an information subpoena and restraining notice directed to the assets of the trust. The Referee found that respondent failed to respond to the information subpoena in a timely fashion and failed to comply with the restraining notice when she subsequently distributed funds to the trust beneficiary. In addition, the Referee found that respondent falsely told the attorney that she was complying with the restraining notice and preserving in her attorney trust account the funds belonging to the testamentary trust.

With respect to a separate estate matter, the Referee found that, from April 2010 through February 2011, respondent made four disbursements from her attorney trust account that, at the time they were made, caused the balance of the account to fall below that necessary to satisfy her obligations to the estate.

Finally, the Referee found that respondent failed to respond to inquiries from the Grievance Committee regarding certain of the above-referenced matters.

We confirm the findings of fact made by the Referee and conclude that respondent has violated the following former Disciplinary Rules of the Code of Professional Responsibility and the following Rules of Professional Conduct:

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]) and rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0)—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) and rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0)—engaging in conduct that adversely reflects on her fitness as a lawyer;

DR 5-104 (a) (22 NYCRR 1200.23 [a])—entering into a business transaction with a client if they have differing interests therein and if the client expects her to exercise professional judgment therein for the protection of the client without disclosing the terms of the transaction to the client in writing and obtaining in writing the consent of the client to those terms and to her inherent conflict of interest in the transaction;

DR 7-102 (a) (5) (22 NYCRR 1200.33 [a] [5])—knowingly making a false statement of law or fact in the representation of a client;

DR 9-102 (j) (22 NYCRR 1200.46 [j]) and rule 1.15 (j) of the Rules of Professional Conduct (22 NYCRR 1200.0)—failing to produce required bookkeeping records in response to a notice issued by the Grievance Committee;

rule 1.15 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0)—misappropriating funds belonging to another person that are in her possession incident to her practice of law; and

rule 8.4 (c) of the Rules of Professional Conduct (22 NYCRR 1200.0)—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

Although the Referee made advisory findings that, by virtue of her admitted conduct, respondent violated Estates, Powers and Trusts Law § 11-1.6 (a) and numerous other disciplinary rules, we decline to conclude that respondent committed those additional violations inasmuch as they either are not supported by the record in this matter or have been rendered superfluous by virtue of our determinations set forth herein.

We have considered, in determining an appropriate sanction, the matters submitted by respondent in mitigation, including her expression of remorse and her statement that, during the relevant time period, she suffered from anxiety and depression for which she has sought treatment. We have additionally considered that respondent did not intend to harm her clients or to benefit personally from the misconduct. With respect to respondent's misappropriation of client funds, we have considered that the misconduct was caused by inattentiveness and careless bookkeeping, rather than venal intent, and that no clients were permanently deprived of their funds. With respect to the judgment enforcement matter, we have considered that the evidentiary documents indicate that, at all relevant times, respondent was attempting to fulfill the wishes of her deceased client and she had a good faith belief that the subject funds were being held in a spendthrift trust pursuant to New York law. Finally, we have considered respondent's statement that she has taken steps to ensure that the misconduct does not recur. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

CENTRA, J.P., PERADOTTO, LINDLEY, WHALEN and MARTOCHE, JJ., concur.

Order of censure entered.